## MENDON.

The constitution does not admit of an adjournment of a meeting for the choice of representatives, which it provides for being held on the fourth Monday of November, to a day beyond the said fourth Monday.

Two certificates were returned from the town of Mendon, by one of which it appeared, in the usual form, that Laban Bates was duly elected. The other certificate was made the subject of a special report of the committee on elections, and the election of the members thereby returned was also petitioned against by Benjamin Davenport and others, legal voters of Mendon. The following is the report of the committee:—

" The committee on elections find, that one of the certificates from the town of Mendon is in the following words:—

'The subscribers, a minority of the selectmen of the town of Mendon, hereby certify that, at a meeting of the inhabitants of said town, held this twenty-sixth day of November, in the year one thousand eight hundred and thirty-nine, pursuant to adjournment from the twenty-fifth of said November, instant, Leonard Taft and Caleb Thayer, being inhabitants of said town, were chosen to represent them in the general court to be holden on the first Wednesday of January next. Dated at Mendon, this 26th day of November, in the year one thousand eight hundred and thirty-nine.

DAVID DAVENPORT,    }   Selectmen
JARED BENSON,        }   of Mendon.'

'Mendon, Nov. 27, 1839. I have given notice to the above named Leonard Taft and Caleb Thayer, of their being chosen representatives, and have summoned them to attend the general court.

DAVID ROSS, Constable of Mendon.'

From this certificate, it appears, that the election of those members took place on the 26th day of November, 1839, which was the day after the fourth Monday of that November. And this committee are unanimously of opinion, that an election of representatives on that day is made void by the following provisions of the constitution:—

' The meeting for the choice of governor, lieutenant-governor, senators, and representatives, shall be held on the second Monday of November, in every year; but meetings may be adjourned, if necessary, for the choice of representatives, to the next day, and again to the next succeeding day,

but no further. But in case a second meeting shall be necessary for the choice of representatives, such meetings shall be held on the fourth Monday of the same month of November.'

The committee are of opinion, that the meaning of these words is perfectly clear, and certain, and that no adjournment, beyond the fourth Monday of November, of a meeting for the choice of representatives, can be lawful.

It also appears, from the same certificate, that it is signed only by a minority of the selectmen; whereas, it is required by law, that a majority of the selectmen should preside at the meeting, and that the same selectmen should sign the certificate. This objection might, perhaps, be open to explanation, by evidence; but the disregard of a precise requirement of the constitution invalidates the election of those members, of necessity. Wherefore, the committee report, that Leonard Taft and Caleb Thayer are not entitled to seats as members of this house."

After this report had been read in the house, and a time assigned for its consideration, a memorial was presented on behalf of the members, Taft and Thayer, claiming a right to be heard before a committee. The memorial having been read, a motion was made to refer the consideration of it to a committee of one from each county, with instructions to cause the same to be printed; but the memorial and the motion to refer were both disposed of, by being laid on the table, by a vote of 265 yeas, to 239 nays.[1]

The report was afterwards (on the next day) considered, and agreed to, by a vote of 275 yeas to 198 nays.[2]

The question, presented in this case, was subsequently submitted to the justices of the supreme judicial court, by an order of the house, for their opinion. The court came to the same conclusion with the house.

[1] 62 J. H. 19, 20.        [2] Same, 23.